IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN MARION CAMPBELL,
     Petitioner,

vs.                                         Case No. 5:07cv25/MCR/EMT

WALTER A. McNEIL,[1]
     Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 12).  Respondent filed a limited answer to the amended petition and relevant portions of the state court record (Doc. 28).  The court directed Respondent to filed an amended answer, and Respondent complied (*see* Docs. 27, 30).  Petitioner was provided an opportunity to file a reply, but he declined to do so (*see* Docs. 31, 34).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* Doc. 28, Exhibits).  Petitioner was charged in the Circuit Court for

---

[1]Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

Washington County, Florida, with one count of trafficking in methamphetamine (Count I), one count of possession of a listed chemical (Count II), one count of burglary of a structure (Count III), one count of possession of less than 20 grams of marijuana (Count IV), one count of possession of paraphernalia (Count V), and one count of obstructing an officer without violence (Count VI) (Doc. 28, Ex. A at 17–18).  Following a jury trial, Petitioner was convicted of all charges, except he was acquitted of the charge of possession of marijuana (Doc. 28, Ex. A at 21–22, Exs. D, E).  On August 24, 2004, Petitioner was sentenced to concurrent terms of ten (10) years of imprisonment on Counts I and II, and a term of five (5) years of imprisonment on Count III, to run concurrently to the sentences imposed for Counts I and II, and with jail credit of thirty-three (33) days on all counts (Doc. 28, Ex. A at 25–35, Ex. B, Ex. F).  Petitioner was sentenced to time served on Counts V and VI (*id.*).

Petitioner appealed the judgment to the Florida First District Court of Appeals ("First DCA").  On May 1, 2006, the First DCA affirmed the judgment of conviction per curiam without written opinion, with the mandate issuing May 17, 2006 (Doc. 28, Exs. J, K).  Campbell v. State, 928 So. 2d 339 (Fla. 1st DCA May 1, 2006) (Table).  Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On June 18, 2006, Petitioner filed a motion for mitigation of his sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Doc. 28, Ex. L).  The trial court denied the motion in an order rendered on January 21, 2006 (*id.*, Ex. M).

Petitioner filed the instant habeas action on January 26, 2007 (Doc. 1 at 5).  Respondent concedes that the petition is timely (Doc. 30 at 3).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.  In relevant part, section 2254(d) now provides:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id., 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on

---

[2]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law

occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).  The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion."  Williams, 529 U.S. at 410–12.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  *See* Panetti v. Quarterman, --- U.S. --- 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same).  The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

III.    EXHAUSTION AND DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas

---

[3]Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
           (A)  the applicant has exhausted the remedies available in the courts of the State; or
           (B) (i)  there is an absence of available State corrective process; or
                (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).  The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  Anderson, 459 U.S. at 7 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim.  *Id.*, 459 U.S. at 7 and n.3.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364.  The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."  Duncan, 513 U.S. at 365–66.  Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that  "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).  The Baldwin Court commented that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in

---

[4]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal

---

[5]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine.  Bailey, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar.  *Id.*.  A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question.  *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate.  *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  Tower, 7 F.3d at 210.  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85,

---

[6]The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

IV.    PETITIONER'S CLAIMS

A.    Ground one:  "That the State failed to prove identity of the chemicals listed without a chemical test."

Petitioner contends that an essential element of possession of a listed chemical is proof of the identity of the chemical, and the evidence was not sufficient to establish this element (Doc. 12 at 4).  Petitioner states Deputy Hutching testified that he found camp fuel, "HEET," and pseudoephedrine in Petitioner's truck, but there was no evidence he performed chemical testing on any of the substances to determine their actual identities (*id.*).[7]

In its limited answer to the habeas petition, Respondent contended that Petitioner did not claim any federal constitutional error regarding sufficiency of the evidence to support his conviction of Count II; therefore, he did not state a cognizable federal claim (Doc. 26 at 5).  Respondent further contended that even if Petitioner's claim could be construed as raising a federal claim, he did not fairly present the federal nature of his claim to the state courts (*id.*).  Respondent contended that although Petitioner raised a sufficiency of the evidence claim as to Count II on direct appeal of his

---

[7]Under Florida law in effect at the time of Petitioner's offense conduct, December 25 and 26, 2003, the offense of possession of a listed chemical was defined as knowingly or intentionally (1) possessing a listed chemical with the intent to unlawfully manufacture a controlled substance, or (1) possessing or distributing a listed chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to unlawfully manufacture a controlled substance.  Fla. Stat. § 893.149 (effective July 1, 2003 to June 30, 2005).  Pseudoephedrine and 3,4-methylenedioxyphenyl-2-propanone, were both "listed precursor chemicals," meaning, a chemical that may be used in manufacturing a controlled substance in violation of Florida statutes and is critical to the creation of the controlled substance.  Fla. Stat. § 893.033(1)(m, y) (effective July 1, 2003 to June 30, 2005).

conviction, he did not cite the Constitution or federal law and relied exclusively on state law (*id.*). Furthermore, Petitioner could not return to state court to exhaust the claim; therefore, the claim was procedurally barred from federal review and should be dismissed (*id.*).

Upon review of Respondent's limited answer, the undersigned issued an order instructing Respondent to amend its response to include a merits review of Ground One, as it appeared that the claim was exhausted under the Eleventh Circuit's rationale in <u>Mulnix v. Secretary for Dept. of Corrections</u>, No. 06-12110, 2007 WL 3498820, 254 Fed. Appx. 763 (11th Cir. Nov. 16, 2007) (*see* Doc. 27).  In <u>Mulnix</u>, the petitioner was convicted of second degree murder in the State of Florida. *Id.*, 254 Fed. Appx. at 764.  In his federal habeas petition Mulnix asserted a federal due process challenge to the sufficiency of the evidence, but on direct appeal of his conviction in the state courts he asserted a sufficiency of the evidence challenge under state law. *Id.*  The district court denied the federal petition on the ground that Mulnix failed to fairly present a federal claim on direct appeal in the state courts. *Id.*  The Eleventh Circuit noted that Florida courts assess the sufficiency of the evidence used to convict criminal defendants under a legal standard identical to the one used by federal courts in deciding federal due process challenges to the sufficiency of the evidence. *Id.*  The Eleventh Circuit held that under the particular facts and circumstances of the case, because the state court analyzed Mulnix's "due process sufficiency of the evidence claim" using a standard identical to the federal law standard, the federal claim was exhausted. *Id.* at 765.

As directed by the undersigned, Respondent filed an amended response to Ground One of the instant petition (Doc. 30).  Respondent reasserted its position that Petitioner made no argument, either at trial or on direct appeal, that his federal constitutional due process rights were violated, nor did he make reference to any federal authority in support of his argument; therefore, any federal due process claim is arguably procedurally barred (*id.* at 6).  However, Respondent acknowledged that under the Eleventh Circuit's rationale in <u>Mulnix</u>, Petitioner's federal due process challenge to the sufficiency of the evidence as to Count II was exhausted by Petitioner's raising a sufficiency of the evidence argument as Issue II in his direct appeal (*id.*).  Respondent further argued that Petitioner failed to demonstrate he was entitled to federal habeas relief because the testimony of Deputy Greg Hutching was sufficient to establish that at least one of the chemicals found in Petitioner's legal possession was a "listed chemical" under Florida law (*see* Doc. 30 at 6–10).

Subsequent to the filing of Respondent's amended response, the Eleventh Circuit issued Pearson v. Secretary, Dept. of Corrections, 2008 WL 1722224, 273 Fed. Appx. 847 (11th Cir. Apr. 15, 2008), which again concerned the issue of exhaustion of a federal due process challenge to the sufficiency of the evidence. In his federal petition, Pearson alleged that the state court judge violated his Sixth and Fourteenth Amendment rights by denying his motion for judgment of acquittal on a carjacking charge because there was insufficient evidence to support a conviction. *Id.* at 848. On direct appeal, Pearson challenged the sufficiency of the evidence on the carjacking conviction on the ground that there was no evidence that he intended to commit a crime, no evidence of use of force or violence, and no evidence of a reasonable fear on the part of the victim. *Id.* at 849. He raised his claim in terms of state law, citing exclusively to state law cases about reasonable fear and addressing Florida law in all of his substantive arguments. *Id.* at 849–50. None of the cases Pearson cited were decided on federal grounds, and he did not otherwise indicate that he intended to raise federal claims. *Id.* at 850. The Eleventh Circuit affirmed the district court's determination that Pearson failed to exhaust his federal claim, noting that although Florida courts assess the sufficiency of the evidence under the same standard as the federal standard set forth in Jackson v. Virginia, 443 U.S. 307, 324 & n.16, 99 S. Ct. 2781, 2792 n.16, 61 L. Ed. 2d 560 (1979), the basis of Pearson's argument on direct appeal was that there was no evidence of reasonable fear on the part of the victim, as defined by state law, and nothing in this argument would have alerted the state court to the presence of a federal claim about due process. *Id.*

Under a liberal construction of Petitioner's argument in Ground One, he alleges a federal due process challenge to the sufficiency of the evidence to support his conviction for possession of a listed chemical. Upon review of the state court record and comparison of the facts of this case to the facts in Pearson and Mulnix, the undersigned concludes that Petitioner did not exhaust his federal due process claim in the state courts.[8] Review of the state court record shows that in Petitioner's direct appeal of his conviction, he claimed that the evidence was insufficient to support his conviction for possession of a listed chemical because there was no evidence that any of the

---

[8]The undersigned recognizes that neither Mulnix nor Pearson is considered binding precedent since they are both unpublished, *see* 11th Cir. R. 36-2, and discusses them only as persuasive authority on the exhaustion issue.

substances found in his truck were tested to show that they contained any listed chemicals (Doc. 28, Ex. G at 30–34).  Petitioner cited exclusively to state cases, and his substantive argument addressed Florida law, specifically, whether state law required the State to provide evidence of chemical testing on at least a random sample of a substance to constitute prima facie proof that the substance contained a listed chemical as defined by state law (*id.*).  None of the cases cited by Petitioner were decided on federal grounds, and he did not otherwise indicate that he intended to raise a federal claim  *See* <u>Baldwin</u>, 541 U.S. at 32 ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'").  Indeed, nothing in Petitioner's brief would have alerted the state court to the presence of a federal claim about due process.  Therefore, the undersigned concludes that Petitioner failed to exhaust his federal due process claim.

Furthermore, Petitioner would now be barred from raising his constitutional claim before the state courts.  Florida courts consistently apply the procedural rule that issues that could or should have been raised on direct appeal are procedurally barred from collateral review.  *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.").  Therefore, Petitioner procedurally defaulted the instant claim.

Petitioner has made no effort to establish cause for overcoming the procedural bar.  He does not allege or demonstrate the existence of some factor or occurrence external to his control that deprived him of the opportunity to raise his sufficiency of the evidence argument in federal terms on direct appeal.  Therefore, he has failed to establish cause.  *See* <u>Carrier</u>, 477 U.S. at 488.  Furthermore, Petitioner does not allege the existence of new reliable evidence of his innocence of Count II such that the failure to consider the claim would result in a fundamental miscarriage of justice.  Therefore, this claim is barred from federal habeas review.

> B.      <u>Ground two:  "The jury was not instructed as to how much moisture could be absorbed, therefore, the weight could be less than 14 grams."</u>

Petitioner claims that during jury deliberations, the jury delivered a question to the trial judge regarding whether the weight of the methamphetamine found in a pill bottle on Petitioner's person could have been overstated due to additional moisture in the chemical (Doc. 12 at 4).  Petitioner states the trial judge responded by telling the jurors that they should rely on the jury instructions and testimony they were previously given (*id.*).  Petitioner contends the judge should have instructed the jury regarding the amount of moisture that could have been absorbed in the substance between the time it was seized and when it was weighed (*id.*).

Respondent contends Petitioner did not exhaust this claim of trial court error because he did not raise it on direct appeal of his conviction (Doc. 26 at 6).  Furthermore, state procedural rules prevent him from returning to state court to litigate the claim; therefore, the claim is procedurally barred from federal habeas review (*id.* at 6–7).

The state court record confirms Respondent's contention that Petitioner did not raise this claim of trial court error on direct appeal of his conviction.  In Petitioner's direct appeal, he raised the following two issues:  (1) whether the trial judge erred in refusing to instruct the jury as to Count I that they must find methamphetamine was possessed in conjunction with other chemicals and equipment utilized in the manufacture of methamphetamine, and (2) whether the trial court erred in denying the motion for judgment of acquittal as to Count II, possession of listed chemicals, because the evidence was legally insufficient to prove possession of any listed chemicals (*see* Doc. 28, Ex. G).  Petitioner did not raise an issue of trial court error regarding the judge's refusal to instruct the jury regarding the possible effect of moisture on the weight of the methamphetamine found on Petitioner's person.  Florida law provides that a criminal defendant may directly appeal the issue of trial court error when responding to a jury question.  *See, e.g.,* Thomas v. State, 730 So. 2d 667 (Fla. 1998); Werley v. State, 814 So. 2d 1159 (Fla. 1st DCA 2002).  Furthermore, as previously noted, Florida courts consistently apply the procedural rule that issues that could or should have been raised on direct appeal are procedurally barred from collateral review.  *See* Fla. R. Crim. P. 3.850(c). Therefore, Petitioner procedurally defaulted the instant claim.

Additionally, Petitioner has made no effort to establish cause for overcoming the procedural bar, and he does not allege the existence of new reliable evidence of his innocence of the charge of

possession of methamphetamine such that the failure to consider the claim would result in a fundamental miscarriage of justice. Therefore, this claim is barred from federal habeas review.

      C.      <u>Ground three: "How could Mr. Campbell be in possession of the listed chemical when he was not in possession of his truck."</u>

Petitioner essentially contends that an essential element of the charge of possession of a listed chemical is proof of possession, and the evidence was not sufficient to establish this element (Doc. 12 at 5). Petitioner states Deputy Hutching testified that he found Petitioner in the woods, not in his truck where the chemicals were found, and Petitioner's fingerprints were not on the chemicals found in his truck (*id.*).

As with Ground One, Respondent contends Petitioner did not exhaust a federal due process claim of insufficient evidence (Doc. 26 at 8). Respondent argues that although Petitioner argued on direct appeal that the evidence was insufficient to prove he possessed any listed chemicals because the substances found in his truck were not tested, Petitioner did not argue, at trial or on direct appeal, that he was not in possession of the chemicals that were found in his truck (*id.*). Furthermore, state procedural rules prevent him from returning to state court to litigate the claims; therefore, the claim is procedurally barred from federal habeas review (*id.*).

Petitioner concedes that he did not raise this issue in state courts (*see* Doc. 12 at 5). Furthermore, as discussed in Ground One, the state court record confirms that Petitioner did not raise a federal challenge to the sufficiency of the evidence to support his conviction as to Count II on direct appeal of his conviction; indeed, he did not raise any challenge to the sufficiency of the evidence to prove the possession element of the charge. Because Petitioner did not properly raise his federal claim in state court, the claim is procedurally barred. Furthermore, as with Ground One, Petitioner has failed to show cause for the default, or that the failure to consider the claim would result in a fundamental miscarriage of justice. Therefore, this claim is barred from federal habeas review.

      Accordingly, it is **ORDERED**:

      The clerk of court is directed to change the docket to reflect that Walter McNeil is substituted for James McDonough as Respondent.

      And it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 12) be **DENIED**.

At Pensacola, Florida, this 11<u>th</u> day of February 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts,</u> 858 F.2d 698, 701 (11th Cir. 1988).**